<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTHONY J. WALTERS, | : | Civil No. 10-1505 (RBK) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| DIRECTOR: AL BOSHER, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    ANTHONY J. WALTERS, #400325B, <u>Pro Se</u>
    Bayside State Prison
    P.O. Box F-1
    Leesburg, New Jersey 08327

**KUGLER, District Judge**

Plaintiff Anthony J. Walters seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. This Court will grant <u>in forma pauperis</u> status.[1] As required by 28 U.S.C. § 1915(e)(2)(B), this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint for failure to state a claim upon which relief may be granted.

**I. BACKGROUND**

Plaintiff asserts violation of his Eighth Amendment rights by Hope Hall halfway house and its director, Al Bosher. He asserts the following facts, which this Court is required to regard as true for the purposes of this review. <u>See</u> <u>Stevenson v. Carroll</u>, 495 F. 3d 62, 66 (3d Cir. 2007).

---

[1] By Order entered April 1, 2010, this Court denied Plaintiff's application because it was incomplete. Plaintiff submitted the required prison account statement and on June 24, 2010, this Court reopened the file to entertain his renewed application.

Plaintiff alleges that on March 10, 2010, while he was incarcerated at Hope Hall in Camden, New Jersey, his body felt itchy when he woke up.  Plaintiff alleges that when he looked in the mirror, he observed bite marks on his face, earlobe, the back of his head, and his legs.  Plaintiff asserts that when he walked outside his room, he saw the Terminix man named Bill Davis spraying the premises for bugs.  Plaintiff allegedly showed Mr. Davis the bite marks, Mr. Davis inspected Plaintiff's room and bunk bed, and he advised Plaintiff that the bites were from bed bugs but he didn't have the proper treatment for bed bugs with him at that time.  Plaintiff states that he complained to Mr. Marshall, who asked Mr. Davis to treat Plaintiff's room, but Davis repeated that he didn't have the appropriate treatment with him.  Plaintiff alleges that Mr. Marshall gave Plaintiff Lysol, which Plaintiff sprayed in his room, but this did not eliminate additional bites.  Plaintiff asserts that he informed Mr. Marshall that the Lysol didn't work and Mr. Marshall gave Plaintiff money to wash his clothing.  Plaintiff alleges that he washed his clothing but the bed bugs continued to bite.  Plaintiff asserts that he asked officials to change his room and they moved him to a different room.  In response to Plaintiff's request for medical care, officials took him to Yardville Medical Center where he was prescribed cortisone cream.  Plaintiff further alleges that on March 18, 2010, the Terminix man - Mr. Davis - returned to the building and informed Plaintiff that officials were getting rid of the bunkbed and chairs, and changing the beds from wood to metal.  Plaintiff asserts: "I was told they already was aware of this outbreak because upstair[s] where they move[d] me they had to evacuate two rooms because of these bugs [and] they exchange[d] wood bunks to metal bunks."  (Docket No. 1, p. 6.)  Plaintiff also complains that he received inadequate medical care in that the only treatment he received was cortisone and, although medical staff noted the number of bites, no one checked his

pubic hair for eggs.  As relief, Plaintiff seeks "compensation and [he] would like those responsible to be held accountable and liable for their negligence as well as their continued negligence." (Docket Entry #1, p. 7.)

## II.  STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), where the Supreme Court clarified as follows:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief

> survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"- "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949 -1950 (citations omitted).

The Third Circuit observed that Iqbal hammered the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] which was applied to federal complaints before Twombly. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The Third Circuit instructs that, to determine the sufficiency of a complaint under the pleading regime established by Iqbal and Twombly,

> a court must take three steps: First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947. Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

---

[2] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46.

Santiago v. Warminster Township, __ F. 3d __, 2010 WL 5071779 at *4 (3d Cir. Dec. 14, 2010); see also Fowler, 578 F.3d at 210-11 ("a complaint must do *more than allege the plaintiff's entitlement to relief*. A complaint has to "show" such an entitlement with its facts") (emphasis supplied).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). With these precepts in mind, the Court will determine whether any claim raised in the Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction. See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986). A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

>laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Plaintiff sues Al Bosher, the Director of the halfway house, for damages because Plaintiff was bitten by bed bugs while he was incarcerated at the halfway house from March 10 to 18, 2010. "The Eighth Amendment, in only three words, imposes the constitutional limitation upon punishments: they cannot be 'cruel and unusual.'" Rhodes v. Chapman, 452 U.S. 337, 345 (1981). The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. See Rhodes, 452 U.S. at 346, 347. To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To prevail on such a claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to the risk. See Farmer, 511 U.S. at 833, 837. To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. See Farmer, 511 U.S. at 837; Natale, 318 F.3d at 582. "The knowledge element of deliberate indifference is subjective,

6

not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001).

 Prolonged infestation may satisfy the objective component of an Eighth Amendment claim. See, e.g., Sain v. Wood, 512 F. 3d 886, 894 (7th Cir. 2008); Antonelli v. Sheahan, 81 F. 3d 1422, 1431 (7th Cir. 1996) (sixteen months of infestation coupled with significant physical harm satisfied objective component); Kost v. Kozakiewicz, 1 F. 3d 176, 189 (3d Cir. 1993) (prison's dispensing of vermin infested bedding, which causes inmate's personal infestation, may establish an Eighth Amendment violation). However, confinement in room in a halfway house infested with bed bugs for a short period is not sufficiently serious to satisfy the objective standard of an Eighth Amendment claim. See Tucker v. Rose, 955 F. Supp. 810, 816 (N.D. Ohio 1997) (the "occasional presence of a rodent is insufficient to establish the objective component of an Eighth Amendment claim, which requires that a deprivation be sufficiently serious"); see also Harris v. Fleming, 839 F. 2d 1232, 1234-36 (7th Cir. 1988) (confining prisoner in "filthy, roach-infested cell" without toilet paper for five days, soap and other toiletries for 10 days, is not sufficiently serious to state Eighth Amendment claim);Chapman v. Knight, 2010 WL 3001708 at *5 (W.D. Ky. July 27, 2010) (bed bugs in a cell for a short period were "unpleasant" but not "objectively serious enough to establish a constitutional violation); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 467 (M.D. Pa. 2010) (infestation with roaches, spiders, worms, nats, mice and other unknown insects is uncomfortable but not unconstitutional); Hill v. Smith, 2005 WL 2666597 at *7 (M.D. Pa. Oct. 19, 2005) (presence of mice and cockroaches in USP Lewisburg cells does not satisfy objective component). As the Supreme Court emphasized, "the length of

confinement cannot be ignored in deciding whether the confinement meets constitutional standards. A filthy, overcrowded cell and a diet of 'grue' [providing 1000 calories a day] might be tolerable for a few days and intolerably cruel for weeks or months." Hutto v. Finney, 437 U.S. 678, 686-87 (1978).

Nor do Plaintiffs' allegations satisfy the subjective component of a conditions of confinement claim. First, an individual defendant in a civil rights action must participate in the alleged wrongdoing, and Plaintiff does not assert facts showing that Director Bosher participated in violating his constitutional rights. See Iqbal, 129 S. Ct. at 1948 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Second, Plaintiff does not assert facts showing deliberate indifference. Plaintiff alleges that the Terminix man was spraying for bugs in his room and elsewhere at the premises on at least two occasions, and that Mr. Marshall gave Plaintiff Lysol to kill the bugs, gave Plaintiff money to wash his clothing, and moved Plaintiff to a different room. Moreover, officials took Plaintiff to a medical center for treatment and replaced the wooden beds with metal beds in an attempt to eliminate the infestation. Ineffective efforts to eliminate the bed bug infestation at the halfway house amount to negligence, which does not satisfy the deliberate indifference standard. See Davidson v. Cannon, 474 U.S. 344 (1986) (holding that prison official's negligent failure to protect inmate from assault by another inmate because official "mistakenly believed that the situation was not particularly serious" does not state a claim under § 1983); Daniels v. Williams, 474 U.S. 327 (1986) (holding that inmate

who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983).

Plaintiff's allegations do not show that he was incarcerated under conditions posing a significant risk to his health or safety and they do not show deliberate indifference.  This Court will accordingly dismiss the Complaint because it fails to "contain[] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (citations and internal quotation marks omitted).  This Court will not grant leave to amend the Complaint because such amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002).

### IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint.

s/Robert B. Kugler
**ROBERT B. KUGLER, U.S.D.J.**

Dated:   January 25   , 2011