<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ANTHONY J. WALTERS, | : | Civil No. 10-1505 (RBK) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| DIRECTOR: AL BOSHER, et al., | : | |
| | : | |
| Defendants. | : | |

**KUGLER, District Judge**

1. On March 22, 2010, Plaintiff, a prisoner, submitted to the Clerk for filing a civil Complaint and affidavit seeking to proceed <u>in forma pauperis</u>.

2. By Order entered April 1, 2010, this Court denied his application to proceed <u>in forma pauperis</u> without prejudice. The application to proceed <u>in forma pauperis</u> was incomplete because Plaintiff did not submit to the Clerk a certified copy of the trust fund account statement (or institutional equivalent) for the six month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner is or was confined, as required by 28 U.S.C. § 1915(a)(2). The Order informed Plaintiff that, if he submitted the required account statement within 30 days, then the Court would reopen the file and entertain the renewed application. The Order warned Plaintiff that, if this Court granted permission to file the complaint <u>in forma pauperis</u>, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of

the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00.  See 28 U.S.C. § 1915(b).

   3. Plaintiff thereafter timely submitted his prison account statement.

   4. By Order entered January 26, 2011, this Court granted the application to proceed in forma pauperis, directed the New Jersey Department of Corrections to deduct the filing fee in monthly installments from Plaintiff's prison trust account until the $350.00 fee was paid.  The Order also dismissed the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

   5. On August 29, 2011, Plaintiff filed a motion asking this Court to release him from the burden of paying the filing fee, which creates a hardship and violates the Eighth Amendment of the United States Constitution.  (Dkt. 11.)  Plaintiff asserts that, as a result of this and other deductions from his prison trust account, he "cannot afford the basic necessities such, as, buying toothpaste, personal hygiene products, because of all the outstanding fines enforced upon him []while incarcerated."  (Dkt. 11 at 2.)

   6. The Prison Litigation Reform Act ("PLRA") provides:

> (b)(1) Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

>  (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
>  (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.
>
>  (4) In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C.A. § 1915(b).

    7. This Court holds that the filing fee payment requirements in the PLRA are constitutional. See, e.g., Murray v. Dosal, 150 F. 3d 814, 818-19 (8th Cir. 1998) (filing fee requirements of PLRA do not constitute unconstitutional barrier to access to courts or violate equal protection or due process); Tucker v. Branker, 142 F. 3d 1294, 1298 (D.C. Cir. 1998) ("Tucker's claim that the minimal payments required by the PLRA force him to choose between a lawsuit and the 'necessities of life' is manifestly exaggerated. First, the State of North Carolina is constitutionally bound to provide Tucker, as its prisoner, with the necessities of life, including adequate food, clothing, shelter, and medical care, and Tucker does not in his complaint or elsewhere suggest that the State is failing to do so") (citation and internal quotation marks omitted); Shabazz v. Parsons, 127 F. 3d 1246, 1248 (10th Cir. 1997) ("Mr. Shabazz also challenges the fee provisions as violative of his constitutional rights, asserting that he should not be forced to choose between spending his limited prison account on the small amenities of life available to him in prison and pursuing an appeal. We are not persuaded"); Norton v. Dimazana,

122 F. 3d 286, 289-91 (5th Cir. 1997) (particularly given 28 U.S.C. § 1915(b)(4), filing fee provisions of PLRA do not deny access to courts); Nicholas v. Tucker, 114 F. 3d 17 (2nd Cir. 1997) ("Nicholas does not assert a complete lack of funds.  Rather he decries his inability to expend his limited funds in such manner as he chooses . . . .  We find nothing in Nicholas's peculiar situation that removes his case from the broad holding of statutory constitutionality"); Hampton v. Hobbs, 106 F. 3d 1281 (6th Cir. 1997) (fee provisions of PLRA do not deny access to courts or violate First Amendment, equal protection, substantive or procedural due process, or double jeopardy).  As the United States Court of Appeals for the Fourth Circuit explained,

> Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state.  Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight.  Instead, they must weigh the importance of redress before resorting to the legal system.  If a prisoner determines that his funds are better spent on other items rather than filing a civil rights suit, he has demonstrated an implied evaluation of that suit that the courts should be entitled to honor.

Roller, 107 F. 3d 227, 233 (4th Cir. 1997) (citation and internal quotation marks omitted).

       8.  This Court will deny Plaintiff's motion to vacate the Order assessing the filing fee and directing the New Jersey Department of Corrections to deduct the fee from Plaintiff's prison account in accordance with the PLRA.  "[T]he PLRA plainly requires a prisoner to pay the fees if he 'brings a civil action or files an appeal . . .'"  Porter v. Dept. of Treasury, 564 F. 3d 176, 180 (3d Cir. 2009) (citing 28 U.S.C. § 1915(b)(1)).  "How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's (and the prison's) control once the prisoner files the complaint."  Bricker v. Turner, 396 Fed. App'x 804, 806 (3d

Cir. 2010) (quoting Newlin v. Helman, 123 F. 3d 429, 436 (7th Cir. 1997)).  Moreover, a court has "no authority to waive [a prisoner's filing] fees under the PLRA." Porter, 564 F. 3d at 180. Under the PLRA in forma pauperis status "does not result in a waiver of the fees - it merely allows the inmate to pay the fees in installments when there are sufficient funds in his prison account." Id. (citing 28 U.S.C. § 1915(b)).

    9.  An appropriate Order accompanies this Opinion.

                                      s/Robert B. Kugler  
                                      **ROBERT B. KUGLER, U.S.D.J.**

Dated:    September 9   , 2011